UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| MARIAN K. PORTER, | ) |
| Plaintiff, | ) 3:13-cv-661-LRH |
| vs. | ) |
| SHYAM K CHETAL, individually and d/b/a ADVANTAGE REAL ESTATE PRO, UNITED CAPITAL INVESTMENTS, INC., SMARTTOUCH SYSTEMS, INC., and DOES 1-30, inclusive, | ) ORDER ) ) ) |
| Defendants. | ) |

Before the Court is Defendant Smarttouch Systems, Inc.'s ("SSI") Motion to Dismiss. Doc. #5.[1] Plaintiff Marian K. Porter ("Porter") filed an Opposition (Doc. #7), to which SSI did not reply.

**I.   Factual and Procedural History**

This is a contract dispute in which Porter alleges that SSI was involved in a fraudulent financing scheme with Shyam K. Chetal ("Chetal"), United Capital Investments, Inc. ("United"), and Advantage Real Estate Pro ("Advantage") (collectively "Defendants"). *See* Doc. #1 ¶¶ 2-4, 21, 61, 62, 63, 72, 78, 95, 104, Ex. 3.  Initially, Chetal, on behalf of United, offered to purchase Porter's mining claims and pay the maintenance fees owing and due thereon.  *See* Doc. #1, Ex. 1; Doc. #1, ¶ 27.  Thereafter, Chetal, on behalf of SSI, provided documentary proof to Porter of his financial capability to pay for the valuable mining claims and maintenance fees.  *See* Doc. #1,

---

[1] Refers to the Court's docket number.

1   Ex. 3.  Porter allegedly relied on these documents for assurance of payment and agreed to the
2   offer.  *See* Doc. #1, ¶ 90, Ex. 2.  Ultimately, Defendants failed to timely pay the maintenance fees
3   and Porter permanently and irrevocably lost all rights to the mining claims.  *See* Doc. #1, ¶¶ 39-
4   41.  Porter alleges that none of the Defendants had the financial capability or intention to pay the
5   maintenance fees or purchase the mining claims.  *See* Doc. #1, ¶ 43.  Porter further alleges that
6   Defendants intentionally perpetrated the financing scheme to cause Porter to lose her mining
7   claims, thereby enabling Chetal to purchase the claims directly from the Bureau of Land
8   Management ("BLM") for a lower price.  *See* Doc. #1, ¶¶ 44-46.  On December 3, 2013, Porter
9   filed a Complaint alleging claims for breach of contract, tortious breach of contract, fraud,
10  negligence, and breach of the implied covenant of good faith and fair dealing.  *See id.*

11          On February 11, 2014, SSI filed the present Motion to Dismiss on the grounds that all
12  causes of action in the Complaint arise out of an alleged breach of contract by United.  *See*
13  Doc. #5, p.2.  SSI contends that it had no relevant part in the alleged agreement between Porter
14  and United and was only a party to a third-party agreement (the "Bank Guarantee") with
15  Continent Finance Ltd. of England ("Continent").[2]  *See* Doc. #5, p.2; Doc. #1, Ex. 3.

16  **II.     Legal Standard**

17          SSI seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to
18  state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state
19  a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading
20  standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).
21  That is, a complaint must contain "a short and plain statement of the claim showing that the

---

[2] On August 1, 2013, Chetal, as president of SSI, entered into the Bank Guarantee with Continent, wherein Continent agreed to wire two billion dollars USD ($2,000,000,000) into SSI's bank account.  *See* Doc. #1, ¶ 22, Ex. 3.  Documentary proof of the Bank Guarantee was attached to Chetal's offer to Porter in order to demonstrate Chetal's financial capability, on behalf of SSI, to render performance under the contract between Porter and Chetal.  *See* Doc. #1, ¶¶ 21, 22, 24, 25.  Continent, which is not a party to the present litigation, is an English corporation, which was formed on March 3, 2013, and allegedly had a total capital of only one hundred pounds (£100) at the time of the Bank Guarantee.  *See* Doc. #1, ¶ 23.

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Id.*  However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted).  The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.   Discussion**

SSI asserts that they played no relevant part in the matters complained of in this case and that all of Porter's claims arise out of United's alleged breach of a contract to which SSI was not a party.  *See* Doc. #5, p. 2.  SSI further asserts that Porter failed to meet the heightened pleading standard for claims of fraud.  *See* Doc. #4, p. 4.  In both regards, the Court disagrees.

///

Claims grounded in fraud must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9.  *See* Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  Rule 9 provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  An allegation of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged," *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  Moreover, in a fraud suit involving multiple defendants, a plaintiff must inform each defendant of their alleged role in the fraud.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

Here, the Court finds that Porter has pled facts sufficient to satisfy Rule 9's heightened pleading requirements.  *See* Doc. #1, ¶¶ 75-92.  Porter's Complaint provided SSI adequate notice of their alleged role in the fraud.  *See* Doc. #1, ¶¶ 2-4, 61, 62, 75, 78 (alleging specifically that SSI, acting in concert with the other Defendants, engaged in a financing scheme to perpetrate fraud against Porter).  Porter also sufficiently pled the who, what, when, where, and how of the fraudulent conduct.  *See* Doc. #7, ¶¶ 1-6 (citing Doc. #1).

Contrary to SSI's averments that it played no relevant part in any of the events giving rise to Porter's claims, SSI's Motion to Dismiss confirms that SSI was involved in the transaction as a "guarantor for a bank guarantee."  *See* Doc. #5, 2:17-18.  This bank guarantee allegedly played a central role in assuring Porter that Chetal had the financial capability to render performance under the contract.  *See* Doc. #1, ¶¶ 61, 62, Ex. 3.  Moreover, the Complaint states with particularity the circumstances under which SSI falsely represented to Porter that Chetal and his business entities had sufficient financing available to timely purchase Porter's mining rights and pay the maintenance fees.  *See* Doc. #7, ¶¶ 1-7 (citing Doc. #1).  Specifically, Porter alleges that Chetal, as president of SSI, produced documents purporting to verify that Chetal had the financial capability to purchase the mining rights and pay the maintenance fees.  *See* Doc. #1, ¶¶ 21, 22,

1  Ex. 3.  Porter alleges that she relied on these assurances when she accepted Chetal's offer.  *See*
2  Doc. #1, ¶¶ 19, 22.  Porter further alleges that Chetal, United, Advantage, and/or SSI never had
3  sufficient financing to pay Porter or the BLM.  *See* Doc. #1, ¶¶ 35, 38, 43, 82.  Ultimately, Porter
4  alleges Chetal failed to make the agreed upon payment to the BLM because his check was
5  dishonored twice for insufficient funding, thereby causing Porter to permanently and irrevocably
6  lose her rights to valuable mining claims.  *See* Doc. #1, ¶¶ 33-35, 38-41, Ex. 4, Ex. 5.
7       Considering the aforementioned allegations, the Court finds that Porter has sufficiently
8  pled facts to plausibly suggest claims against SSI for breach of contract, tortious breach of
9  contract, fraud, negligence, and breach of the implied covenant of good faith and fair dealing.
10 Moreover, the Court finds that Porter has satisfied Rule 9's heightened pleading standards for
11 claims of fraud.  Accordingly, SSI's Motion to Dismiss for failure to state a claim under Federal
12 Rule of Civil Procedure 12(b)(6) is denied.
13
14      IT IS THEREFORE ORDERED that SSI's Motion to Dismiss (Doc. #5) is DENIED.
15      IT IS SO ORDERED.
16      DATED this 27th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE