1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                * * * * *

9   MARIAN K. PORTER,                )
                                     )   3:13-cv-00661-LRH-VPC
10                    Plaintiff,     )
                                     )
11  v.                               )   ORDER
                                     )
12  SHYAM K. CHETAL, individually and d/b/a )
    ADVANTAGE REAL ESTATE PRO,       )
13  UNITED CAPITAL INVESTMENT, INC.  )
    d/b/a NEVADA UNITED CAPITAL      )
14  INVESTMENTS, INC., SMARTTOUCH    )
    SYSTEMS, INC., and DOES 1 through 30, )
15  inclusive,                       )
                                     )
16                    Defendants.    )
                                     )
17  _____

18        Before the Court is Defendants' George C. Schwelling, Schwelling Recruiting Services,

19  and Walton J. Antonell's (collectively "Schwelling") Motion to Dismiss Third-Party Complaint.

20  Doc. #24.[1]  Cross-Defendant Shyam K. Chetal ("Chetal") filed an Opposition (Doc. #29), to

21  which Schwelling replied (Doc. #31).

22  **I.    Facts and Procedural Background**

23        This is a contract dispute in a diversity case in which Plaintiff Marian K. Porter ("Porter")

24  alleges that Defendant Chetal was involved in a fraudulent financing scheme with Smarttouch

25  Systems, Inc., United Capital Investments, Inc., and Advantage Real Estate Pro.  *See* Doc. #1

26  ¶¶2-4, 21, 61-63, 72, 78, 95, 104.  On August 20, 2013, Chetal—on behalf of United—offered to

27  purchase Porter's mining claims and pay the required maintenance fees.  *Id.*, Exhibit 1.  In

28  connection with this offer, Chetal also provided documentary proof of his financial capacity to

_____

[1] Refers to the Court's docket number.

pay. *Id.*, Exhibit 3. Porter allegedly relied on these documents for assurance of payment and accepted Chetal's offer. *See* Doc. #1 ¶90. Thereafter, Chetal failed to timely pay the $276,480 maintenance fees and Porter permanently and irrevocably lost all rights to the mining claims. *Id.* ¶39-41. Porter alleges that none of the Defendants had the financial capability or intention to pay the maintenance fees or purchase the mining claims. *Id.* ¶43. Porter alleges further that Defendants intentionally perpetrated the financing scheme to cause Porter to lose her mining claims, thereby enabling Chetal to purchase the claims directly from the Bureau of Land Management ("BLM") at a lower price. *Id.* ¶44-46. On December 3, 2013, Porter filed a Complaint alleging breach of contract, tortious breach of contract, fraud, negligence, and breach of the implied covenant of good faith and fair dealing. *See id.*

On May 13, 2014, Chetal filed a Cross-Complaint for Breach of Contract against Schwelling. *See* Doc. #21. Chetal alleges that when Porter and Chetal were unable to acquire the $267,480 maintenance fees, Schwelling promised to make the payment in return for future rights to the mining operation. *Id.* at 3. Chetal alleges that this promise was formed by an August 15, 2013 oral agreement whereby Schwelling stated that he would pay Chetal $267,480 to cover the maintenance costs. *Id.* Chetal alleges that in reliance on this promise, he sent a check for the full amount to the BLM. *Id.* When the BLM twice attempted to cash Chetal's check, it bounced both times, and Porter lost her mining claims with the BLM. *Id.*

## II.   Legal Standard

Schwelling seeks dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

1    To satisfy the plausibility standard, 8(a)(2) requires a complaint to "contain sufficient

2   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

3   (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the pleaded factual

4   content allows the Court to draw the reasonable inference, based on the Court's "judicial

5   experience and common sense," that the defendant is liable for the misconduct alleged.  *See id.* at

6   678-79.  The plausibility standard "is not akin to a probability requirement, but it asks for more

7   than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts

8   that are merely consistent with a defendant's liability, it stops short of the line between

9   possibility and plausibility of entitlement to relief."  *Id.* at 678 (internal quotation marks

10   omitted).

11    In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

12   true.  *Id.*  The "factual allegations that are taken as true must plausibly suggest an entitlement to

13   relief, such that it is not unfair to require the opposing party to be subjected to the expense of

14   discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

15   Moreover, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the

16   elements of a . . . claim . . . are not entitled to an assumption of truth."  *Moss v. U.S. Secret Serv.*,

17   572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal

18   quotation marks omitted).  The court discounts these allegations because "they do nothing more

19   than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation."

20   *Id.* (citing *Iqbal*, 556 U.S. at 681).  "In sum, for a complaint to survive a motion to dismiss, the

21   non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

22   suggestive of a claim entitling the plaintiff to relief." *Id*.

23    Rule 8 lists "statute of frauds" as an affirmative defense to a pleading.  Fed. R. Civ. P.

24   8©.  "When an affirmative defense is obvious on the face of a complaint, [] a defendant can raise

25   that defense in a motion to dismiss."  *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th

26   Cir. 2013).  When ruling on a 12(b)(6) motion, the Court generally cannot consider material

27   beyond the pleadings.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555

28   n.19 (9th Cir. 1990).

1    **III.    Discussion**

2          Schwelling argues that Chetal has failed to state a claim upon which relief can be granted

3    because even if the facts alleged in the Cross-Complaint are established, an oral contract to pay

4    another's debts is void under the Nevada Statute of Frauds. Doc. #24 at 5.  The Nevada Statute

5    of Frauds lists a number of agreements that are void absent a writing, including "[e]very special

6    promise to answer for the debt, default or miscarriage of another." Nev. Rev. Stat. § 111.220(2).[2]

7    Schwelling argues that the alleged oral agreement at issue "falls squarely within the category of

8    void agreements under" section 111.220(2) because "Chetal has alleged that Schwelling orally

9    promised to cover the debt of Plaintiff to the BLM." Doc. #24 at 5.  Schwilling is correct that

10   even if an oral agreement existed, the contract described would be barred by the Statute of

11   Frauds. *See, e.g.*, *Am. Int'l Enters. v. F.D.I.C.*, 3 F.3d 1263, 1270 (9th Cir. 1993) (granting a

12   motion to dismiss under Rule 12(b)(6) when the contract that was allegedly breached was void

13   under the Statute of Frauds); *Phillips v. Dignified Transition Solutions*, No. 2:13-cv-2237, 2014

14   WL 4294972, at *4 (D. Nev. Aug. 28, 2014) (same).

15         Chetal's Opposition does not address Schwelling's Statute of Frauds argument. *See*

16   Doc. #29.  Rather, Chetal attaches to his Opposition a set of emails between Chetal and

17   Schwelling dated September 7-17, 2013, to support the claim that "[c]learly there was

18   understanding of what was expected." *Id.* at 5.  Chetal argues that Schwelling failed to deny that

19   the emails indicated the existence of a *written* contract. *Id.*  In his Reply, Schwelling states that

20   Chetal's Cross-Complaint merely alleged an *oral* contract, and that the Court cannot consider the

21   emails attached to Chetal's Opposition because they were not submitted as part of the original

22   Cross-Complaint. Doc. #31 at 4.  Indeed, "material which is properly submitted as part of the

23   complaint may be considered" on a motion to dismiss. *Hal Roach Studios*, 896 F.2d at 1555

24   n.19.  If such documents are not attached to the complaint, "they may be considered if the

25

26         [2] Chetal alleged in his Cross-Complaint that the oral contract at issue is "governed by California
     law." Doc. #21 at 3.  Schwelling acknowledges this in his Motion and argues that "California law

27   provides even broader protection in its statute of frauds." Doc. #24 at 6.  The relevant portion of the
     Nevada and California statues of fraud are largely similar.  The California statute states that without a

28   writing, a contract involving "[a] special promise to answer for the debt, default, or miscarriage of
     another" is void. Cal. Civil Code § 1624.

4

1    documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on

2    them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal citation omitted).

3           Schwelling is correct that Chetal's Cross-Complaint alleges only breach of an oral

4    contract, and that the Cross-Complaint does not "necessarily rel[y]" on the emails that were

5    attached to the Opposition. *See id*. In fact, breach of written contract is not mentioned in

6    Chetal's Cross-Complaint, nor does the Cross-Complaint reference the emails. Accordingly, the

7    Court may not consider the emails attached to Chetal's Opposition as evidence of a written

8    contract because Chetal did not plead breach of written contract in his Cross-Complaint.

9           Schwilling also argues that the Court should grant the Motion to Dismiss because Chetal

10    failed to respond to Schwilling's Statute of Frauds argument in his Opposition. Doc. #31 at 3.

11    The Local Rules of Practice for the United States District Court for the District of Nevada state

12    that "[t]he failure of an opposing party to file points and authorities in response to any motion

13    shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d); *Kaiser v. Banc of*

14    *Am. Inv. Servs., Inc.*, 296 F. Supp. 2d 1219, 1221 (D. Nev. 2003). Here, Chetal responded to the

15    Motion but provided no rebuttal to Schwelling's argument regarding the Statute of Frauds, a

16    dispositive matter. Rather than grant the Schwilling's motion automatically on this ground,

17    however, the Court considered the Statute of Frauds question and finds that Chetal's Cross-

18    Complaint fails to state a claim because the underlying oral contract at issue is void under the

19    Statute of Frauds.

20           In his Opposition, Chetal requests that if the Court finds for Schwilling, "Chetal should

21    be allowed to amend his complaint to add causes of action to properly address any deficiencies."

22    Doc. #29 at 4. The Court finds that granting leave to amend is appropriate here. *See Richards*

23    *Indus. Park, LP v. F.D.I.C.*, 572 Fed. Appx. 499, 502-03 (9th Cir. 2014) (finding error where the

24    district court denied leave to amend to show evidence of a written contract when the oral contract

25    at issue was void under the Statute of Frauds).

26    ///

27    ///

28    ///

1

IV.     **Conclusion**

2          IT IS THEREFORE ORDERED that Schwilling's Motion to Dismiss (Doc. #24) is

3   GRANTED.  The Court grants Chetal leave to amend consistent with this Order.

4          IT IS FURTHER ORDERED that any amended complaint shall be filed with the court

5   within twenty (20) days of this order.

6          IT IS SO ORDERED.

7          DATED this 15th day of October, 2014.

8                                                                              _____

9                                                                              LARRY R. HICKS
                                                                               UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28