UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

MARIAN K. PORTER,

        Plaintiff,

v.

SHYAM K. CHETAL, individually and d/b/a ADVANTAGE REAL ESTATE PRO, UNITED CAPITAL INVESTMENT, INC. d/b/a NEVADA UNITED CAPITAL INVESTMENTS, INC., SMARTTOUCH SYSTEMS, INC., and DOES 1 through 30, inclusive,

        Defendants.

3:13-cv-00661-LRH-VPC

ORDER

      Before the Court is Defendant Shyam Chetal's ("Chetal") Motion for Reconsideration under Federal Rule of Civil Procedure 60(b). Doc. #76.[1] Plaintiff Marian Porter ("Porter") filed an Opposition (Doc. #78), to which Chetal replied (Doc. #80). Also before the Court are Chetal's Objections to the Magistrate Judge's orders in the motions hearing held on July 7, 2015. Doc. #85. Third-party Defendants George Schwelling ("Schwelling") and Walter Antonell ("Antonell") filed a Response (Doc. #87), and Porter filed a separate response (Doc. #88).

**I.   Facts and Procedural Background**

      This is a contract dispute in a diversity case in which Porter alleges that Chetal was involved in a fraudulent financing scheme with Defendants Smarttouch Systems Inc., United Capital Investments, Inc., and Advantage Real Estate Pro. *See* Doc. #1 ¶¶2-4, 21, 61-63, 72, 78, 95, 104. Porter and her husband purchased the land at issue from the Bureau of Land

---

[1] Refers to the Court's docket number.

Management ("BLM") in 1986 and paid yearly annual license fees of $15,000 for twenty-six years. Doc. #39 at 2. Following the death of Porter's husband, and due to other financial hardships, she was forced to seek a buyer for the land in 2013. *Id.* On August 20, 2013, Chetal—on behalf of United—offered to purchase Porter's mining rights, which Porter claims were worth between $11 Billion and $22 Billion, and pay the required maintenance fees. Doc. 1, Ex. 1. In connection with this offer, Chetal also provided documentary proof of his financial ability to pay. *Id.*, Ex. 3. Porter allegedly relied on these documents for assurance of payment and accepted Chetal's offer. *See* Doc. #1 ¶90. Thereafter, Chetal proffered a check for $276,480 to the BLM to cover the maintenance fees, but the check was declined twice for insufficient funds and Porter permanently and irrevocably lost all rights to her mining claims. *Id.* ¶39-41.

Porter alleges that none of the Defendants had the financial capability or intention to pay the maintenance fees or purchase the mining claims. *Id.* ¶43. Porter alleges further that Defendants intentionally perpetrated the financing scheme to cause Porter to lose her mining claims, thereby enabling Chetal to purchase the claims directly from the BLM at a lower price. *Id.* ¶¶44-46. On December 3, 2013, Porter filed a Complaint alleging breach of contract, tortious breach of contract, fraud, negligence, and breach of the implied covenant of good faith and fair dealing. *See id.*

Chetal has alleged that Schwelling made an oral promise on August 15, 2013, to make the $276,480 payment in return for future rights to the mining operation. Doc. #21 at 3. Chetal alleges that in reliance on this promise, he sent a check for the full amount to the BLM. *Id.* In an October 16, 2014 Order, the Court granted Schwelling's motion to dismiss Chetal's third-party complaint because any oral agreement between Chetal and the third-party defendants would have been barred by the statute of frauds. Doc. #42. On February 3, 2015, the Court granted Porter's motion for summary judgment in part, finding that Porter met her burden to establish that no questions of material fact remained on her breach of contract claim. Doc. #44. Chetal appealed, and on May 11, 2015, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. Doc. #66.[2] On June 1, 2015, Chetal moved for reconsideration of the Court's

---

[2] The Ninth Circuit denied Chetal's Motion for Reconsideration and all other pending motions on July 21, 2015. Doc. #86.

1  February 3, 2015, Order because his former attorney had committed fraud.  Doc. #76.  On July 7,
2  2015, the Magistrate Judge held a motions hearing and denied many of Chetal's pending
3  motions.  Doc. #82.  The Magistrate Judge granted Chetal until August 7, 2015, to obtain new
4  legal representation.  *Id.*  Chetal filed his objections to the Magistrate Judge's orders on July 20,
5  2015.  Doc. #85.
6  **II.    Discussion**
7        **A.    Motion to Reconsider**
8        Chetal argues that the Court should reconsider its order granting Porter's motion for
9  summary judgment in part because his former lawyer Mark Lapham ("Lapham") committed acts
10 that constitute fraud upon the court.  Specifically, Chetal alleges that Lapham consistently failed
11 to communicate important facts about the case to Chetal, failed to conduct meaningful discovery,
12 and never reviewed important litigation documents with Chetal prior to submitting them to the
13 Court.  Doc. #76 at 3-4.
14       A court can grant a motion to reconsider a final order based on fraud, misrepresentation,
15 or misconduct by an opposing party.  Fed. R. Civ. P. 60(b)(3).  To constitute a fraud on the court,
16 the challenged conduct must "harm[] the integrity of the judicial process."  *Appling v. State Farm*
17 *Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (quoting *In re Lavender*, 180 F.3d 1114,
18 1119 (9th Cir. 1999)).  This relief is "reserved for those cases of injustices which, in certain
19 instances, are deemed sufficiently gross to demand a departure from rigid adherence to the
20 doctrine of res judicata."  *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 46 (1998)).
21       Porter correctly points out that Rule 60(b)(3) contemplates relief for fraud committed "by
22 an opposing party."  Here, Chetal requests that the Court vacate its February 3, 2015, Order
23 based on the alleged fraud of his own former attorney, who clearly was not an opposing party.
24 Additionally, the alleged misconduct by Lapham does not rise to the level of fraud on the court as
25 interpreted by the Ninth Circuit.  *See id.* ("Non-disclosure, or perjury by a party or witness, does
26 not, by itself, amount to fraud on the court."); *Beggerly*, 524 U.S. at 47 (finding that failure to
27 thoroughly search records and make a full disclosure to the court did not fall within the court's
28 ///

1 narrow definition of fraud to the court).  Accordingly, the Court denies Chetal's Motion to
2 Reconsider.

### B. Objections to Magistrate Judge's Orders

Chetal objects to three of the Magistrate Judge's rulings at the July 7, 2015, hearing: (1) denial of Chetal's motion to amend his answer (Doc. #58); (2) denial of Chetal's numerous requests for judicial notice (Doc. ##63, 65, 67, 77); and (3) denial of Chetal's motion to vacate the hearing set by the Magistrate Judge's May 20, 2015 ruling (Doc. #74), which that did not mandate that Chetal's former attorney appear in person.[3]  The Magistrate Judge denied Chetal's motion to amend because the proposed amendment to the answer would be futile.  Doc. #84 at 39.  The Magistrate Judge denied Chetal's requests for judicial notice because the underlying documents were not related to the adjudicative facts of this case.  *Id.* at 58.  The Magistrate Judge also denied Chetal's motion to vacate because the attorney's actions were not relevant to the issues before the court.  *Id.* at 60.

A magistrate judge's orders operate as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3.  Accordingly, a district judge may reconsider a magistrate judge's order only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

The Court has reviewed Chetal's objections, the responses filed by Schwelling and Antonell (Doc. #87) and Porter (Doc. #88), and the transcript of the July 7, 2015, hearing (Doc. #84), and finds that the Magistrate Judge's orders were not clearly erroneous or contrary to law.  Accordingly, the Court overrules Chetal's objections.

### III. Conclusion

IT IS THEREFORE ORDERED that Chetal's Motion to Reconsider (Doc. #76) is DENIED.

IT IS FURTHER ORDERED that Chetal's Motion to Extend Time to File Objections (Doc. #83) is DENIED as moot.

---

[3] Prior to filing his objections to the Magistrate Judge's July 7, 2015 Order, Chetal requested an extension of time to file said objections on or before August 17, 2015.  Chetal filed his objections on July 15, 2015.  Accordingly, his request for an extension of time to file said objections is denied as moot.

4

1    IT IS FURTHER ORDERED that Chetal's Objections to the Magistrate Judge's orders (Doc. #85) are OVERRULED.

IT IS SO ORDERED.

DATED this 24th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE