1

2

3                                UNITED STATES DISTRICT COURT

4                                    DISTRICT OF NEVADA

5                                          * * * * *

6    MARIAN K. PORTER,

7            Plaintiff,                                    3:13-cv-00661-LRH-VPC

8        v.                                                ORDER

9    SHYAM K. CHETAL, individually and d/b/a
10   ADVANTAGE REAL ESTATE PRO;
     UNITED CAPITAL INVESTMENT, INC.
11   d/b/a NEVADA UNITED CAPITAL
     INVESTMENTS, INC.; SMARTTOUCH
12   SYSTEMS, INC.; and DOES 1 through 30,
     inclusive,
13

14           Defendants.

15           Before the court is plaintiff Marian Porter's motion for entry of judgment. ECF No. 100.

16   Defendants Shyam K. Chetal and United Capital Investments, Inc. ("United") have failed to

17   respond.

18   **I.      Background**

19           The parties are aware of the factual background of this case, which the court discussed in

20   its last order. *See* ECF No. 95. In August of 2014, Porter moved for summary judgment against

21   all defendants, which the court granted only on her breach-of-contract claim against Chetal and

22   United[1] but denied on all other claims. ECF Nos. 39, 44. After the court notified Porter that it

23   intended to dismiss this action for want of prosecution (ECF No. 93), she timely filed a motion to

24   voluntarily dismiss her remaining claims (ECF No. 94), which the court granted (ECF No. 95).

25   Because the court's grant of partial summary judgment on Porter's contract claim only addressed

26

27

28   [1] In its November 28, 2016 order, the court clarified that its grant of partial summary judgment
     applied to both Chetal and United, which the court ruled was Chetal's alter ego. ECF No. 95.

1   liability and did not reach the issue of damages, the court ordered Porter, Chetal, and United to

2   submit a proposed joint pretrial order on this sole remaining issue. ECF No. 95 at 5.

3   After none of the parties submitted the proposed order, the court ordered them to attend a

4   telephonic status conference on February 8, 2017. ECF No. 97. Due to the fact that several court

5   orders mailed to Chetal had been returned as undeliverable, the court also ordered plaintiff's

6   counsel to make a good-faith attempt to ascertain the availability and address of Chetal and to

7   provide him with a copy of the status-conference order. *Id*.

8   Neither Chetal nor any other representative for himself or United appeared at the status

9   conference. ECF No. 99. The court therefore ordered Porter to move for entry of judgment no

10  later than February 18, 2017, and to again make a good-faith attempt to locate Chetal and serve

11  him with her motion. *Id*. The court set February 28, 2017, as the deadline for Chetal's reply. *Id*.

12  Porter timely filed the instant motion (ECF No. 100) and also filed a certificate of

13  service, attesting to having served Chetal at his last known address (ECF No. 102). Chetal has

14  failed to reply to Porter's motion.

15  **II.    Discussion**

16  Porter has moved for entry of judgment pursuant to Federal Rule of Civil Procedure 54(a)

17  and (b). After examining Porter's points and authorities and conducting its own research, the

18  court has concluded that Rule 54 is an inappropriate procedural mechanism under these

19  circumstances; the court never granted summary judgment on damages for the breach-of-contract

20  claim, which, as stated in the court's last order, was the only remaining issue for trial. Therefore,

21  the court cannot currently enter judgment on damages.

22  Instead, the court is giving defendants Chetal and United notice of its intent to *sua sponte*

23  enter summary judgment in favor of Porter and against them. *See* Fed. R. Civ. P. 56(f). Chetal

24  and Porter have 21 days from the date of this order to show cause as to why the court should not

25  grant Porter summary judgment on damages on her breach-of-contract claim in the amount of

26  two-hundred million dollars ($200,000,000.00).

27  The court intends to enter summary judgment based on the following undisputed facts:

28  • The contract price for the mining rights at issue was $220,000,000.00.

2

1  • As part of this contract, Chetal and United were to pay the Bureau of Land

2     Management $276,480.00 in licensing fees by September 3, 2013.

3  • Chetal and United breached this contract when Chetal's check for the licensing

4     fees was rejected twice due to insufficient funds, resulting in Porter losing her

5     mining rights.

6  • Based on these facts, the court granted summary judgment against Chetal and

7     United regarding liability for Porter's breach-of-contract claim.

8  • Chetal did not receive the $220,000,000.00 contract price from Chetal or United.

9  • Having lost her mineral rights due to Chetal's breach of contract, Porter was

10    unable to mitigate her damages by selling her rights to another party.

11 • Porter is seeking $200,000,000.00 in damages.[2]

12 **III.   Conclusion**

13    IT IS THEREFORE ORDERED that plaintiff Marian Porter's motion for entry of

14 judgment (ECF No. 100) is **DENIED**.

15    IT IS FURTHER ORDERED that, within 21 days of the date of this order, defendants

16 Shyam Chetal and United Capital Investments, Inc., shall show cause as to why the court should

17 not grant Porter summary judgment on damages on her breach-of-contract claim in the amount of

18 two-hundred million dollars ($200,000,000.00). If defendants respond, Porter may file a reply

19 within 10 days of the response.

20    IT IS FURTHER ORDERED that the clerk of the court shall mail a copy of this order to

21 Chetal;s last known address: 2090 Warmsprings Ct., Ste 180, Fremont, CA 94539.

22    IT IS SO ORDERED.

23    DATED this 1st day of March, 2017.

24    _____
      LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE

25

26 _____

[2] In her affidavit attached to her instant motion, Porter has asserted that the loss of her former
27 mining rights has cost her "a loss of $200,000,000.00." ECF No. 100–1 at 3. Porter does not
explain why she is seeking damages in an amount $20 million less than the contract price. But
28 because Porter is seeking a sum lower than the contract price, the court finds that this is not a
dispute of material fact that would prevent entry of summary judgment.